UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ALFRED ASHFORD, JR., | : | CIVIL NO: 1:20-CV-1215 |
|---|---|---|
| Plaintiff, | : | |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| DAUPHIN COUNTY PROBATION DEPARTMENT, *et al.*, | : | |
| Defendants. | : | |

# ORDER
July 1, 2021

**I. Introduction.**

This action comes before us for a screening review of the complaint in accordance with 28 U.S.C. § 1915A. The plaintiff, Alfred Ashford, Jr. ("Ashford"), is a pretrial detainee at Dauphin County Prison who commenced this *pro se* Section 1983 action claiming the defendants illegally detained him. After screening the complaint, we conclude that the complaint fails to state a claim upon which relief can be granted, and we will grant Ashford leave to file an amended complaint.

## II. Background and Procedural History.

Ashford filed this complaint on July 15, 2020. *Doc. 1*. He names as the defendants the Dauphin County Probation Department, an unnamed Dauphin County Probation Department Supervisor, an unnamed Dauphin County Probation Department Probation Officer; Dauphin County, Pennsylvania; Jeff Haste and Mike Prize, chairmen of Dauphin County local government; and George Hartwick, III, vice chairman of Dauphin County local government. *Id.* at 2-3. Ashford claims the defendants violated his constitutional rights by holding him against his will in Dauphin County Prison. *Id.* at 4. Ashford also alleges that an unidentified individual slammed him into a cement floor, injuring his shoulder and knocking him unconscious on July 7, 2020. *Id.* at 5. How these allegations are related is a mystery. Ashford seeks as relief the dismissal of a probation officer for giving misleading reports to a judge to acquire signatures and monetary relief. *Id.*

## III. Screening of In Forma Pauperis Complaints–Standard of Review.

The court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
>> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under § 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC*

3

*Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint must be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

4

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**IV. The complaint fails to state a claim upon which relief can be granted.**

Ashford claims the defendants violated his First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendment rights. Ashford's complaint, however, is entirely devoid of factual allegations to support his Section 1983 claims. *See generally doc. 1*. While his constitutional claims are properly brought under 42 U.S.C. § 1983, Ashford fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2).

5

Under Fed. R. Civ. P. 8(a)(2), Ashford fails to satisfy the requirement that his complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ashford fails to provide the requisite factual background for any of his constitutional claims. Instead, he asserts a single legal conclusion related to his alleged illegal detention and alleges that he was slammed to the floor without any explanation whatsoever regarding how this violated his constitutional rights. *Doc. 1* at 4-5. Apart from this, Ashford's complaint is entirely devoid of any factual pleading. *See generally id.* Thus, Ashford fails to state a claim because he fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2).

For Ashford's benefit, we briefly inform him of the standard regarding pleading Section 1983 claims against municipalities and individuals. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under Section 1983, the plaintiff must establish a deprivation of a federally protected right and that this

deprivation was committed by a person acting under color of state law. *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

A municipality, such as Dauphin County, cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, "under § 1983, local governments are responsible only for 'their *own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original)). To state a claim against a municipality, the plaintiff must allege that the violation of his rights was caused either by a policy or by a custom of the municipality. *Monell*, 436 U.S. at 694; *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000). Municipal policies include the decisions of a government's lawmakers and the acts of its policymaking officials as well as municipal customs, which are acts or practices that, even though not formally approved by an appropriate decision maker, are so persistent and widespread as to have the force of law. *Berg*, 291 F.3d at 275; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). In other words, a municipality "can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom." *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)).

7

"To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Additionally, there must be a direct causal link between the policy or custom and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Additionally, as to individual defendants, liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). "[A] plaintiff must aver facts to show the defendants' personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Id.* (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). And so respondeat superior cannot form the basis of liability. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Thus, a constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008). "Because vicarious liability is inapplicable to *Bivens* and

8

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The Third Circuit has "recognized that 'there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

"Where a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in (i.e., tacitly assented to or accepted) the subordinate's conduct." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997) (footnote omitted), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and

acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

To set forth a claim for supervisory liability under the policy-and-practice strand of supervisory liability, a plaintiff must:

> (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

*Id.* at 227 (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)). "Put another way, the inmate must identify the supervisor's specific acts or omissions demonstrating the supervisor's deliberate indifference to the inmate's risk of injury and must establish a link between the supervisor, the act, and the injury." *Id.*

**V. Leave to Amend.**

Before dismissing a complaint under the screening provision of 28 U.S.C.§ 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, in light of the liberal-amendment standard, although this screening analysis calls for dismissal of the complaint, we will grant Ashford another opportunity to comply with the requirements of Fed. R.

10

Civ. P. 8 and attempt to state a claim upon which relief can granted.  Thus, we will grant Ashford leave to file an amended complaint.

**VI. Order.**

Accordingly, **IT IS ORDERED** that Ashford is **GRANTED** leave to file an amended complaint, and any such amended complaint shall be filed on or before **July 29, 2021**.[1]  If Ashford fails to file an amended complaint, we will recommend that the complaint be dismissed.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[1] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a).  "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id.*  "Also in general, an amended pleading—like [any] amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017).  In other words, if an amended complaint is filed, the previous complaints will have no role in the future litigation of this case.  Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3).  Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*